UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA :

- v. - : **SUPERSEDING INDICTMENT**

MAURICIO HERNANDEZ PINEDA, : S4 15 Cr. 379 (PKC)

Defendant. :

- - - - - - - - - - - - - - - - x

### COUNT ONE
### (Cocaine Importation Conspiracy)

The Grand Jury charges:

OVERVIEW

1. From at least in or about 2000, up to and including in or about 2018, multiple drug-trafficking organizations in Honduras and elsewhere worked together, and with support from certain prominent public and private individuals, including Honduran politicians and law enforcement officials, to receive multi-ton loads of cocaine sent to Honduras from, among other places, Colombia via air and maritime routes, and to transport the drugs westward in Honduras toward the border with Guatemala and eventually to the United States.

2. For protection from official interference, and in order to facilitate the safe passage through Honduras of multi-ton loads of cocaine, drug traffickers paid bribes to public



officials, including certain members of the National Congress of Honduras and the Honduran National Police (the "HNP").

3. MAURICIO HERNANDEZ PINEDA, the defendant, was a high-ranking member of the HNP who participated in and supported the drug-trafficking activities of, among others, his cousin, Juan Antonio Hernandez Alvarado, a/k/a "Tony Hernandez." HERNANDEZ PINEDA, among other things, provided armed security, including individuals carrying machine guns, for multi-ton cocaine shipments sent through Honduras, and provided his co-conspirators with sensitive information concerning planned law enforcement operations so they could evade detection while transporting cocaine through Honduras. In return, HERNANDEZ PINEDA received hundreds of thousands of dollars in drug proceeds.

STATUTORY ALLEGATIONS

4. From at least in or about 2000, up to and including in or about 2018, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state or district of the United States, MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, would and did knowingly and intentionally import into the United States from a place outside thereof a controlled substance, in violation of Title 21, United States Code, Sections 952(a) and 960(a)(1).

6. It was further a part and an object of the conspiracy that MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, would and did manufacture, distribute, and possess with intent to distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States, in violation of Title 21, United States Code, Sections 959(a) and 960(a)(3).

7. It was further a part and an object of the conspiracy that MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, would and did, on board an aircraft registered in the United States, manufacture, distribute, and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Sections 959(c) and 960(a)(3).

8. The controlled substance that MAURICIO HERNANDEZ PINEDA, the defendant, conspired to (a) import into the United States from a place outside thereof, (b) manufacture, distribute, and possess with intent to distribute, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States and into waters within a distance of 12 miles of the coast of the United States , and (c) manufacture, distribute, and possess with intent to distribute on board an aircraft registered in the United States, was five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 960(b)(1)(B)(ii).

(Title 21, United States Code, Section 963; and
Title 18, United States Code, Section 3238.)

## COUNT TWO
### (Possession of Machineguns and Destructive Devices)

The Grand Jury further charges:

9. Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

10. From at least in or about 2000, up to and including in or about 2018, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state

4

or district of the United States and for which one of two or more joint offenders has been first brought to and arrested in the Southern District of New York, MAURICIO HERNANDEZ PINEDA, the defendant, during and in relation to a drug trafficking crime for which he may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly used and carried firearms, and, in furtherance of such crime, knowingly possessed firearms, and aided and abetted the use, carrying, and possession of firearms, to wit, machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices.

(Title 18, United States Code,
Sections 924(c)(1)(A), 924(c)(1)(B)(ii), 3238, and 2.)

## COUNT THREE
**(Conspiracy to Possess Machineguns and Destructive Devices)**

The Grand Jury further charges:

11.  Paragraphs 1 through 3 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

12.  From at least in or about 2000, up to and including in or about 2018, in Honduras and elsewhere, and in an offense begun and committed out of the jurisdiction of any particular state

or district of the United States, MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, at least one of whom has been first brought to and arrested in the Southern District of New York, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate Title 18, United States Code, Section 924(c).

13. It was a part and an object of the conspiracy that MAURICIO HERNANDEZ PINEDA, the defendant, and others known and unknown, would and did, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, to wit, the narcotics importation conspiracy charged in Count One of this Indictment, knowingly use and carry firearms, and, in furtherance of such drug trafficking crime, knowingly possess firearms, including machineguns that were capable of automatically shooting more than one shot, without manual reloading, by a single function of the trigger, as well as destructive devices, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 924(c)(1)(B)(ii).

(Title 18, United States Code, Sections 924(o) and 3238.)

### FORFEITURE ALLEGATION
(As to Count One)

14. As a result of committing the controlled substance offense charged in Count One of this Indictment, MAURICIO HERNANDEZ

6

PINEDA, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853 and 970, any and all property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of the offense, and any and all property used, or intended to be used, in any manner or part, to commit, and to facilitate the commission of the offense charged in Count One of this Indictment.

### FORFEITURE ALLEGATION
(As to Counts Two and Three)

15. As a result of committing the firearms offenses charged in Counts Two and Three of this Indictment, MAURICIO HERNANDEZ PINEDA, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), all firearms and ammunition involved in and used in the commission of the offenses charged in Counts Two and Three of this Indictment.

### Substitute Assets Provision

16. If any of the above-described forfeitable property, as a result of any act or omission of MAURICIO HERNANDEZ PINEDA, the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

      c.     has been placed beyond the jurisdiction of the Court;

      d.     has been substantially diminished in value; or

      e.     has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Sections 853(p) and 970, and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 853 & 970; and
Title 28, United States Code, Section 2461(c).)

_____  
FOREPERSON   9/4/19

_____  
GEOFFREY S. BERMAN  
United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

MAURICIO HERNANDEZ PINEDA,

Defendant.

INDICTMENT

(21 U.S.C. § 963; and
18 U.S.C. §§ 924, 3238, 2.)

GEOFFREY S. BERMAN
United States Attorney.

**A TRUE BILL**

*Shayne Stark*       Foreperson.

Sept. 4, 2019
Filed Indictment.
U-S.M.J., Debra Freeman