# Raymond L. Colón, Esquire

*Attorney and Counselor at Law*
*131 Pugsley Avenue • Bronx • New York 10473*
*Phone (917) 418-4701 Fax (914) 218-6999*
*rlcolonesq@aol.com*

*Member New York and New Jersey Bars*

February 3, 2023

The Honorable P. Kevin Castel
United States District Court Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    USA v. Diaz Morales, et al.
                Defendant: Juan Orlando Hernandez Alvarado
                Docket No.: S7 15-CR-00379 (PKC)

Dear Judge Castel,

      I represent Juan Orlando Hernandez Alvarado with respect to the above noted matter. Pursuant to Federal Rule of Criminal Procedure 14, defense counsel respectfully moves this Court on behalf of the defendant for an Order directing an election of separate trials and/or counts; or in the alternative, granting a severance of defendants based on the pervasive and unavoidable prejudice that will result by joinder of the defendants and/or counts.

      We believe that the defendant will suffer prejudice from a joint trial, so much so that the taint will be "sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials". *United States v. Walker,* 142 F.3d 103, 110 (2d Cir. 1998). Moreover, it is the defendant's position that prejudicial spillover will occur in that evidence that is admissible against one or both of the other proposed defendants (i.e. Mauricio Hernandez Pineda and Juan Carlos Bonilla Valladares (i.e. "El Tigre Bonilla") will be prejudicial to the former Honduran President, Juan Orlando Hernandez Alvarado; and that only an individual trial will be

able to avoid prejudice. *United States v. DiNome,* 954 F.2d 839, 843 (2d Cir. 1992). In fact, in *United States v. Salameh,* 152 F.3d 88, 115 (2d Cir. 1998), it was held that "Prejudice' occurs in joint trials when proof inadmissible against a defendant becomes a part of his trial solely due to the presence of co-defendants as to whom its admission is proper".

Finally, it is our understanding that some of the co-defendants may have already decided to plead guilty [or are contemplating exercising that option] and would therefore possibly be in a position to offer exculpatory testimony at a separate trial. Consequently, we would ask the Court to consider holding a hearing pursuant to *United States v. Finkelstein,* 526 F.2d 517, 523-524 (2d Cir. 1975), in which it would evaluate our claim.

## A. CERTAIN COUNTS OF THE INDICTMENT MAY HAVE BEEN IMPERMISSIVELY JOINED

Consequently, the Indictment in this case violates Federal Rule of Criminal Procedure 8(b), because it improperly joined offenses and defendants together into a single indictment. Federal Rules of Criminal Procedure 8 (b) provides:

> Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The Second Circuit has held that "Rule 8(b) allows joinder of two or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses." *United States v. Nicolo*, 421 Fed. Appx. 57, 64 (2d Cir. 2011) (quotation marks omitted) citing *United States v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008). The indictment must allege that the acts were "unified by some substantial identity of facts or participants," and arose "out of a common plan or scheme." *United States v. Nicolo*, 421 Fed. Appx. at 64 citing *United States v. Attanasio*, 870 F.2d 809, 815 (2d Cir. 1989).

2

This is not a case in which a joint trial would promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts," the grounds which the Supreme Court repeatedly cited. See *Richardson v. Marsh*, 481 U.S. 200, 210 (1987); *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Based on the Rule 16 discovery provided to date, the evidence relating to any of the three counts will not relate to any crimes defendant Juan Orlando Alvarado is alleged to have committed. Moreover, since the illegal acts are charged as joint entities, there is an absolute risk of inconsistent verdicts.

Under these circumstances, the joinder proposed by the Court of Counts One, Two and Three was improper under Rule 8(b) and the Court should accordingly sever these counts for a separate trial.

B. A JOINT TRIAL WOULD UNFAIRLY PREJUDICE MR. HERNANDEZ ALVARADO

Even if joinder was proper under Federal Rule of Criminal Procedure 8(b), the Court should nevertheless enter an order pursuant to Federal Rule of Criminal Procedure Rule 14(a) severing the trial of Counts One, Two and Three on the basis of prejudicial spillover; and the fact that the Government has yet to provide any 3500 material (i.e. all discovery of statements made by co-defendants involving the former president). Thus making it impossible for defense counsel to undertake a more comprehensive and thorough analysis of additional facts in support of this motion.

Furthermore, the Court has the authority under Rule 14(a) to "order separate trials of counts [or] sever the defendants' trials" whereas here a joint trial "appears to prejudice the defendant." Even though distinct offenses have been properly joined under Rule 8, the court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder. *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004), cert.denied, 544 U.S. 924 (2005) citing *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980).

3

Severances are warranted where, as here, a joint trail would likely result in prejudicial spillover. A "trial judge has a continuing duty at all stages of the trial to grant a severance if prejudice does appear. . . . Where, as here, the charge which originally justified joinder turns out to lack the support of sufficient evidence, a trial judge should be particularly sensitive to the possibility of such prejudice." *United States v. Dinome*, 954 F.2d 839, 845 (2d Cir. 1992) citing *Schaffer v. United States*, 362 U.S. 511, 516 (1960).

In *United States v. Burke*, 789 F. Supp. 2d 395, 399 (E.D.N.Y. 2011), Judge Sterling Johnson granted a severance after finding that the defendant showed that the risk of prejudicial spillover to the defendant was not outweighed by any efficiencies to the government. In that case, Judge Johnson found that there would be little efficiency gained from a joint trial despite the presence of multiple overlapping witnesses. 789 F. Supp. 2d at 400.

Finally, in the instant case, Mr. Hernandez Alvarado would face prejudicial spillover in a joint trial. That is to say, the jury would be presented with evidence regarding two individuals involved in a separate conspiracy and conspirational acts, that have absolutely nothing to do with Juan Orlando Hernandez Alvarado. Under these circumstances, the presence of common witnesses does not weigh in favor of a joint trial but would, in fact, cause additional confusions adding to the risk of prejudicial spillover.

Consequently, under the circumstances, the Court should grant the requested severance(s).

Respectfully,

/S/

_____
Raymond L. Colón, Esq.