UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
UNITED STATES OF AMERICA,                          15 Cr. 379 (PKC)

       - against -


MAURICIO HERNANDEZ PINEDA,


           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


## DEFENDANT MAURICIO HERNANDEZ PINEDA'S
## SUPPLEMENTAL MOTION *IN LIMINE*

RICHARD J. MA, ESQ.
20 Vesey Street, Suite 400
New York, New York 10007
Ph: 212-431-6938
**richardma@maparklaw.com**

KEN WOMBLE, ESQ.
20 Vesey Street, Suite 400
New York, New York 10007
Ph: 718-514-9100
**womble@zemanwomblelaw.com**

CORY GARCIA, ESQ.
245 Main Street, Suite 420
White Plains, New York 10601
Ph:  914-705-3745
corygarcia911@gmail.com


*Attorneys for Mauricio Hernandez Pineda*

Defendant Mauricio Hernandez Pineda, by his undersigned counsel, respectfully submits this memorandum in support of his supplemental motion *in limine* with respect to the upcoming trial.  As described more fully herein, we anticipate that co-defendant Juan Carlos Bonilla Valladares ("Bonilla") will testify at trial.   Mr. Bonilla's expected testimony, his pre-trial proffer statements as well as documents in Mr. Bonilla's possession will inculpate Mr. Pineda in the accused crimes.  As a result, this motion joins co-defendant Bonilla's previously submitted motion for severance (Dkt. 525) and seeks an order severing Mr. Pineda's trial from that of his co-defendants, pursuant to Federal Rules of Criminal Procedure 12 and 14.

### ARGUMENT

### SEVERANCE OF MR. PINEDA'S TRIAL PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 14 AND DUE PROCESS OF LAW

Mr. Pineda moves for a severance of trials pursuant to Federal Rule of Criminal Procedure 14(a) and the Due Process Clause because a joint trial will compromise Mr. Pineda's trial rights specifically recognized by *Zafiro v. United* States, 506 U.S. 534 (1993).  Mr. Pineda will be unduly prejudiced by the antagonistic defense that co-defendant Bonilla will mount, inculpating Mr. Pineda in drug trafficking and police corruption, thus serving, in effect, as a second prosecutor to advance the government's case against Mr. Pineda.  Counsel for Mr. Bonilla have represented that Mr. Bonilla will testify at trial and that, in furtherance of his defense they will offer into evidence portions of his investigation files from Mr. Bonilla's tenure as a Honduran law enforcement official (the "Bonilla Files").  These files contain allegations that are highly prejudi-

1

cial to Mr. Pineda that are inadmissible against Mr. Pineda if offered by the government and could not, therefore, be introduced at a separate trial of this case.  For the reasons set forth herein, the antagonistic defenses fall squarely within *Zafiro* and warrant separate trials.

Based upon representations made by counsel for co-defendant Bonilla, we expect that Mr. Bonilla will testify, among other things, that: (i) while the other charged defendants may in fact be members of the charged conspiracy, Mr. Bonilla himself was not; and (ii) the government's cooperating witnesses have colluded and conspired to wrongfully accuse Mr. Bonilla to exact revenge against Mr. Bonilla for his previous work as a high-ranking Honduran law enforcement official who investigated and prosecuted many of the individuals and activities involved in the instant case.

With respect to Mr. Pineda, our understanding is that Mr. Bonilla will testify, in sum and substance, that: (i) Mr. Pineda was a member of the Honduran National Police  ("HNP") who is related to co-defendant Juan Orlando Hernandez and, due to their familial relations, Mr. Pineda was the beneficiary of protection and preferential treatment; (ii) Mr. Pineda is an affiliate of known drug-traffickers; (iii) Mr. Pineda was the subject of an investigation into HNP corruption headed by Mr. Bonilla, during which it was determined that Mr. Pineda failed a polygraph test, leading to Mr. Pineda's suspension; (iv) Mr. Pineda was eventually reinstated to his original position within HNP, due to his relationship with Juan Orlando Hernandez; and (v) consistent with statements made by Mr. Bonilla at his August 1, 2022, proffer with the government, Mr. Pineda participated in drug trafficking activities by gathering firearms seized by law enforcement from drug trafficking organizations and returning those firearms to drug traffickers.

2

We are also aware that Mr. Bonilla and his attorneys are in possession of the Bonilla Files, documents purportedly in Mr. Bonilla's possession from his work as a member of Honduran law enforcement.[1]  These documents, which have not yet been translated or fully reviewed as we have only recently received them, at a minimum implicate Mr. Pineda as an affiliate of drug traffickers, including government cooperating witness Amilcar Alexander Ardon Soriano; and as the subject of investigations into police corruption.

### *Applicable Law*

Federal Rule of Criminal Procedure 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."

This is so even when joinder is otherwise proper under Rule 8(b).  Fed. R. Crim. P. 8(b) (providing for joinder of "2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses.").  Rule 14 grants trial courts the discretion to sever an action when there is a "serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).  The trial court must weigh the possibility and impact of prejudice resulting from a joint trial against the need for judicial economy.  *See Bruton v. United States*, 391

---

[1] Mr. Bonilla's documents, which consist of approximately 2,146 pages in Spanish, were received on January 19, 2024.

U.S. 123, 131 n.6 (1968) (Rules 8(b) and 14 are "designed to promote economy and efficiency and to avoid a multiplicity of trials, where these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial").

As the Supreme Court explained in *Zafiro*:

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a co-defendant. For example, evidence of a co-defendant's wrong-doing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case, and they have markedly different degrees of culpability, this risk of prejudice is heightened. Evidence that is probative of a defendant's guilt but technically admissible only against a co-defendant also might present a risk of prejudice. Conversely, a defendant might suffer prejudice if essential exculpatory evidence that would be available to a defendant tried alone were unavailable in a joint trial. The risk of prejudice will vary with the facts in each case, and district courts may find prejudice in situations not discussed here.

*Zafiro*, 506 U.S. at 539 (citations omitted); *see also United States v. Yousef*, 327 F.3d 56 (2d Cir. 2003) (risk of compromising specific trial right might occur if evidence inadmissible against one defendant but probative of his guilt is admitted against a co-defendant, or if exculpatory evidence is excluded due to a co-defendant's presence).

Although mutually antagonistic defenses are not prejudicial *per se* (*see Zafiro*, 506 U.S. at 538), the Second Circuit has held that there are circumstances where mutually antagonistic or irreconcilable defenses may mandate severance, including where "acceptance of one party's defense would tend to preclude acquittal of [the] other." *United States v. Salameh*, 152 F.3d 88, 116 (2d Cir. 1998) (internal citations and quotations omitted). "'Mutually antagonistic' defenses are those that conflict so irreconcilably that acceptance of one defendant's defense will lead the jury to convict the other." *United States v. Richards*, 94 F.Supp.2d 304, 312 (E.D.N.Y. 2000); *see*

4

*also United States v. Yousef*, 327 F.3d 56, 151 (2d Cir. 2003); *United States v. Cardascia*, 951 F. 2d 474 (2d Cir. 1991).   Clearly, there are mutually antagonistic defenses or irreconcilably conflicting defenses when, as here, "a defendant's counsel becomes a second prosecutor."   *See United States v. Copeland*, 336 F.Supp.2d 223, 224 (E.D.N.Y. 2004).   Thus, where a jury cannot "logically accept…as true" the conflicting defense theories of co-defendants, severance is appropriate.   *Copeland*, 336 F.Supp.2d at 224.

### The Mutually Antagonistic Defenses

The *Zafiro* grounds for severance are unquestionably present under the instant circumstances.   We submit that Mr. Bonilla and Mr. Pineda are on a collision course at trial because, in order for Mr. Bonilla to advance his defense that he was a law enforcement official and not a drug trafficker, he will testify and present evidence of his law enforcement activities.   To establish his credibility and substantiate his law enforcement activities, Mr. Bonilla will testify to his purported knowledge of the alleged conspirators and the drug trafficking activities involved in the instant matter, including allegations that Mr. Pineda was linked to known drug traffickers and complicit in police corruption.   This testimony, coupled with documents from the Bonilla Files, is essentially a prosecutor's blueprint for establishing Mr. Pineda's guilt, including for acts for which he is not charged (the alleged retrieval of firearms).

If the jury accepts Mr. Bonilla's defense, then it will be persuaded to convict Mr. Pineda. The jury would accept Mr. Bonilla's testimony about Mr. Pineda as true and corroborative of the government's evidence.   Indeed, it appears that Mr. Pineda will suffer even greater prejudice

from the arguments and proof of Mr. Bonilla than he will from the government's case-in-chief. The prejudicial impact on the jury of such evidence being offered by counsel seated at the defense table may be worse than were the government making the same claims.  Importantly, Mr. Bonilla's trial evidence against Mr. Pineda could compel Mr. Pineda — and potentially co-defendant Juan Orlando Hernandez as well — to testify to discredit Mr. Bonilla, compounding and exacerbating the trial rights of all defendants.

Notably, the Bonilla Files were only recently released to defense and have not been translated or fully reviewed.  We are therefore unable at present to identify other specific issues supporting antagonistic defenses, but we respectfully reserve the right to supplement our severance motion, if appropriate, at that time.

### *The Bonilla Files*

Not only are the defenses of Mr. Bonilla and Mr. Pineda mutually antagonistic, but Mr. Bonilla's defense will be supported by prejudicial and inflammatory evidence — the Bonilla Files — that are otherwise inadmissible at this trial or at a separate trial of Mr. Pineda.  Thus, at a joint trial, Mr. Pineda will be saddled with evidence offered against him that could not be offered at a separate trial.

There is no limiting instruction or other remedial measure this Court could fashion to reduce the potential for prejudice.  Moreover, Mr. Pineda will be required to defend against the theories of Mr. Bonilla just as if the government were advancing the theories.  This will result in undue prejudice to Mr. Pineda, with potential for other prejudicial consequences that are current-

ly unforeseen.  Requiring Mr. Pineda to defend himself on multiple fronts of this nature would constitute a violation of Mr. Pineda's specific trial rights to a fair trial and due process of law.

For the reasons set forth herein, the Court must sever the trial of Mr. Pineda from that of his co-defendants.

## RESERVATION OF RIGHTS

Mauricio Hernandez Pineda requests leave to move for any further relief warranted by the resolution of the aforesaid motions or by discovery made or additional information provided at a later time.

## CONCLUSION

For all of the foregoing reasons, Mr. Pineda respectfully requests that this Court grant all of the relief requested herein.

Dated: New York, New York
          January 22, 2024

Respectfully submitted,

/s/ Richard J. Ma

RICHARD J. MA
KEN WOMBLE
CORY GARCIA
Counsel for Mauricio Hernandez Pineda